**UNITED STATES of America,
Appellee,**

v.

**Teodoro OSORIO, Defendant–
Appellant.**

Docket No. 02–1081.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2003.

Devin McLaughlin, Langrock, Sperry &
Wool (Nancy J. Waples, Murdoch &
Hughes, Burlington, VT, on brief), for Ap-
pellant.

John P. Tavana, Assistant United States
Attorney (Peter W. Hall, United States
Attorney for the District of Vermont,
David V. Kirby, First Assistant United
States Attorney, on the brief), Burlington,
VT, for Appellee.

Present: WALKER, POOLER, and
GLEESON,* District Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Teodoro Osorio appeals from the district court's January 18, 2002 judgment sentencing Osorio to time served, two years of supervised release and $67,000 in restitution. On appeal, Osorio argues that the district court abused its discretion in ordering restitution because the government was not a victim of Osorio's crime. We disagree.

Under 18 U.S.C. § 3663(a)(1)(A), the district court has authority to order restitution for, inter alia, any violation of Title 18, which includes the section to which Osorio pled guilty, 18 U.S.C. § 1001(a)(1) & (2). Despite the fact that Osorio's cooperation agreement with the government indicated that he had "no official status, implied or otherwise, as Agent or employee of DEA," the district court found that he was acting on behalf of the Drug Enforcement Administration ("DEA") because he had been acting under the DEA's direction when he falsely told the DEA that he had collected only $18,000 on behalf of a drug dealer rather than the actual amount of $85,000. The district court determined that because he had been acting as an agent of the government, it was appropriate to order restitution to the government of the $67,000 that Osorio had kept for himself. Osorio argues that because the money came from a drug dealer and not from the government, the government could not be considered a victim.

Whether the government qualifies as a victim of Osorio's offense under 18 U.S.C. § 3663(a)(2) is a question of law which we review *de novo*. Section 3663(a)(2) defines a victim as a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered...." The federal and state government can be a "victim" under 18 U.S.C. § 3663. *United States v. Helmsley*, 941 F.2d 71, 86 (2d Cir.1991). The district court found that before Osorio received the $85,000, he made an agreement with the DEA that he would turn over the money to the DEA. We find that the government was a victim because it was "harmed as a result of" Osorio's false statement regarding how much money he had received: If Osorio had told the truth, the government would have received $85,000 rather than approximately $18,000. Thus, the district court did not err in ordering restitution of the $67,000 that Osorio was able to retain as a result of his false statement to the DEA.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**